SO ORDERED.

SIGNED this 30 day of September, 2008.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

**LORDSHIP DEVELOPMENT, LLC,**

**Debtor.**                                        **CASE N0. 08-04965-8-JRL**

                                                   **CHAPTER 11**

_____

## ORDER

This case is before the court on a motion for relief from the automatic stay filed by

Wachovia Bank, National Association ("Wachovia").  On September 15, 2008, the court

conducted a hearing on this matter in Raleigh, North Carolina.

## BACKGROUND

On July 24, 2008, Lordship Development, LLC ("Lordship Development") filed for relief

under chapter 11 of the Bankruptcy Code.  The debtor is engaged in the business of real estate

development and owns real property comprised of approximately 101 acres of land in Brunswick

County, North Carolina.  On October 31, 2006, the debtor executed a promissory note and deed

of trust in favor of Wachovia in exchange for a loan in the principal amount of $5,215,744.00.

On June 11, 2008, the Clerk of Court of Brunswick County, North Carolina entered an order

allowing a foreclosure sale on the debtor's property.  The trustee gave notice of the sale and

subsequently conducted the foreclosure sale on July 18, 2008.  Wachovia was the high bidder at

the sale.  The trustee filed a report of foreclosure sale on July 18, 2008, which triggered the 10-

day period for upset bids or redemption.  The debtor filed for chapter 11 relief four days before

the expiration of this deadline.

## <u>DISCUSSION</u>

Under North Carolina law, once a mortgagor has executed a deed of trust on real estate,

legal title to the land vests in the mortgagee, but only as security for payment of the debt.  <u>Gregg</u>

<u>v. Williamson</u>, 98 S.E.2d 481 (N.C. 1957).  If the debtor defaults, the trustee may initiate a

foreclosure sale of the real property pursuant to a power of sale provision within the deed of

trust.  N.C. GEN. STAT. § 45-21.1 to .34 (2007).  Once the foreclosure sale is conducted, a 10-

day upset bid period commences during which any person may bid on the real property.  <u>Id.</u> §

45-21.27.  In addition, the debtor has an equitable right of redemption which it may exercise

from the time of default until the expiration of the 10-day upset bid period.  <u>Tech Land Dev., Inc.</u>

<u>v. S.C. Ins. Co.</u>, 291 S.E.2d 821 (N.C.  App. 1982).  Thus, this court has recognized that the high

bidder at a foreclosure sale is merely a "proposed purchaser" who has no rights, or entirely

voidable rights, to the property until the period for upset bids has ended.  <u>In re Barham</u>, 193 B.R.

229 (Bankr. E.D.N.C. 1996) (citing <u>Cherry v. Gilliam</u>, 141 S.E. 594 (N.C. 1928)).

The Bankruptcy Code suspends this upset bid period when the debtor files for bankruptcy

within that period.  <u>Beneficial Mortgage Co. of N.C. v. Barrington and Jones Law Firm</u>, 595

S.E.2d 705, 709 (N.C. App. 2004) (citing <u>In re Di Cello</u>, 80 B.R. 769, 773 (Bankr. E.D.N.C.

1987), <u>questioned on other grounds</u>, <u>In re Barham</u>, 193 B.R. 229 (Bankr. E.D.N.C. 1996)).

Section 362 of the Code provides that a debtor's bankruptcy petition automatically stays "any act to obtain possession of . . . or to exercise control over property of the estate," as well as "any act to collect . . . or recover a claim against the debtor that arose before the commencement of the case . . .." 11 U.S.C.A. § 362(a). This automatic stay prevents the fixing of any rights as to real property protected by a stay where the upset bid period has not run. Beneficial Mortgage Co., 595 S.E.2d at 709. In the case at bar, Lordship Development triggered the automatic stay when it filed its bankruptcy petition during the upset bid period. As a result, the debtor's right to redeem the property is extended.

The issue before the court is the effect of a petition for chapter 11 bankruptcy filed during the upset bid period on the debtor's rights in real property purchased at a foreclosure sale. Wachovia alleges that § 108(b) is the operative provision for determining how long the debtor has to redeem its property following the debtor's petition for relief. Section 108(b) provides:

> [I]f applicable non-bankruptcy law . . . fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of – (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief.

11 U.S.C. § 108(b). According to Wachovia, § 108(b) is applicable because the debtor has a fixed 10-day period during which it can redeem its property or an upset bid can be filed. Furthermore, Wachovia points out that this court has previously applied § 108(b) to determine

when the upset bid period expires.  See In re DiCello, 80 B.R. 769 (Bankr. E.D.N.C. 1987)

(applying § 108(b) as the governing provision for a chapter 13 debtor to exercise its equity of

redemption).  As a result, Wachovia maintains that § 108(b) operates to extend the debtor's

redemption period for sixty days from the petition date, after which time the remainder of the

upset bid period will run.

      The court disagrees with Wachovia's application of § 108(b).  In 1993, North Carolina

amended the law governing the sale of real property held under a power of sale to provide:

> When, after the entry of any authorization or order by the clerk of superior court pursuant
> to G.S. 45-21.16 and before the expiration of the 10-day upset bid period, the foreclosure
> is stayed by the debtor filing a bankruptcy petition and thereafter the stay is lifted, the
> trustee or mortgagee shall not be required to comply with the provisions of G.S. 45-
> 21.16, but shall advertise and hold the sale in accordance with the provisions of G.S. 45-
> 21.16A, 45-21.17, and 45-21.17A.

N.C. Gen. Stat. § 45-21.22(c).  This provision "provides extra protection to a mortgagor against

a power of sale foreclosure."  Beneficial Mortgage Co., 595 S.E.2d at 710.  Pursuant to this

amendment, once the automatic stay is lifted the foreclosing trustee must re-advertise and resell

the property before title can be transferred to a purchaser.  Id. at 711.  Here, although the

foreclosure sale triggered a fixed upset bid period, the deadline to redeem disappeared as soon as

the debtor filed its bankruptcy petition.  The upset bid period remains suspended for the life of

the bankruptcy or until the court lifts the automatic stay.  Under the 1993 amendment, a lift of

stay will effectively nullify the original foreclosure sale and the trustee must resell the property.

N.C. Gen. Stat. § 45-21.22(c).  Accordingly, North Carolina law does not currently fix a period

within which the debtor must cure its default, so § 108(b) is simply inapplicable.  As a result, the debtor retains its rights in the real property, subject to lifting of the stay on the grounds provided by § 362(d).

Based on the foregoing, the court DENIES Wachovia's motion for relief from the automatic stay based solely on its reliance on § 108(b).

**"END OF DOCUMENT"**