**SO ORDERED.**

**SIGNED this 06 day of November, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

IN RE:

**LORDSHIP DEVELOPMENT, LLC,**

    Debtor.                                             **CASE N0. 08-04965-8-JRL**

                                                       **CHAPTER 11**

_____

**ORDER**

This case is before the court on a motion for relief from the automatic stay filed by Wachovia Bank, National Association ("Wachovia"). On November 4, 2008, the court conducted a hearing on this matter in Greenville, North Carolina.

**BACKGROUND**

On July 24, 2008, Lordship Development, LLC ("Lordship Development") filed for relief under chapter 11 of the Bankruptcy Code. The debtor is engaged in the business of real estate development and owns real property comprised of approximately 101 acres of raw land in Brunswick County, North Carolina. On October 31, 2006, the debtor executed a promissory note and deed of trust in favor of Wachovia in exchange for a loan in the maximum principal amount of $5,215,744.00, although the total amount was never advanced. On June 11, 2008, the

Clerk of Court of Brunswick County, North Carolina entered an order allowing a foreclosure sale on the debtor's property. This case was filed after the sale and during the upset bid period. On October 3, 2008, Wachovia filed a motion for relief from the automatic stay. As of the date of this motion, the outstanding balance due to Wachovia under the note was $3,744,424.48.

## DISCUSSION

Section 362 of the Bankruptcy Code provides that a debtor's bankruptcy petition automatically stays "any act to obtain possession of . . . or to exercise control over property of the estate," as well as "any act to collect . . . or recover a claim against the debtor that arose before the commencement of the case . . . ." 11 U.S.C.A. § 362(a). However, the court may terminate the automatic stay -- (1) for cause; (2) if the debtor has no equity in the property and the property is not necessary to an effective reorganization; or (3) in a single asset real estate case, 90 days after filing unless the plan of reorganization "has a reasonable possibility of being confirmed within a reasonable time," or the debtor "has commenced monthly payments that are in an amount equal to interest . . . on the value of the creditor's interest in the real estate." Id. § 362(d)(1)-(3).

First, Wachovia asserts that there are adequate grounds to lift the automatic stay for cause due both to a lack of adequate protection of its interest and a lack of payments for a substantial period of time. Under § 361, a debtor-in-possession can provide adequate protection by making periodic cash payments to a creditor whose interest in property is declining in value due to the automatic stay. 11 U.S.C. § 361. At hearing, Wachovia offered credible testimony from an appraiser who conducted two appraisals on the real property at issue. The first appraisal concluded that the "as is" market value of the property on January 3, 2008, was $4,150,000.00.

The second appraisal, dated September 12, 2008, concluded that the value of the property had decreased to $3,510,000.00. The appraiser testified that the property's decline in value was due to depressed housing market conditions. Also in support of cause to lift the stay, a representative of Wachovia established that, except for interest payments drawn from a reserve account under the loan, the debtor had failed to make any payments under the note since its inception. In response, the debtor asserted that Wachovia was not entitled to adequate protection because the value of the property had stabilized. In support of this assertion, the debtor referred to a quote contained in the September appraisal from an economist who stated that the Brunswick County housing market had declined during the early portion of 2008 but was rebounding to mid-2007 levels.

Second, Wachovia contends that the court should lift stay pursuant to § 362(d)(2) because the debtor lacks equity in the property and the property is not necessary to an effective reorganization. At hearing, a representative of Wachovia established that, as of the petition date, the total amount due under the note was $3,640,752.93. However, the most recent appraisal valued the property at $3,510,000.00. Additionally, Wachovia asserted that there is no entity to reorganize because the real property is merely raw land, the debtor is not conducting any operations on the property, and nothing had been done to the property since the fall of 2007. As a result, Wachovia argued that it was being held hostage on account of the automatic stay and that no detriment to the estate would result by lifting the stay. In response, the debtor argued that it needed more time to either obtain new financing or market the property for sale. Also, the debtor identified several unsecured creditors and executory contracts that would allegedly be harmed if the stay is lifted.

Finally, Wachovia alleges that relief from stay is appropriate under § 362(d)(3) because the property at issue is single asset real estate, the debtor's plan does not have a reasonable possibility of being confirmed within a reasonable time, and the debtor has not proposed to pay any principal or interest to Wachovia. At hearing, Wachovia pointed to the debtor's inability to make any payments on the note as evidence that the debtor was simply using the automatic stay to shift the risk of a decline in property value to Wachovia. The debtor asserted that its proposed plan allocates two years in which to either sell the property or obtain additional financing to pay Wachovia's claim in full. The debtor contends that this two-year period is necessary based on current housing market conditions.

The court finds that Wachovia is entitled to relief from stay under all three prongs of § 362(d). The appraisals establish that there is no equity in the property and the property has declined in value over the course of the year. Furthermore, there is no reasonable likelihood of reorganization here. There has been a complete default by the debtor, both of payment and performance, since the loan was taken out and there is no prospect of development, no financing in place, no prospective purchasers, and no marketing strategy. Critically, the debtor offered no evidence at the hearing, as no proponent of the debtor appeared to persuade the court that the debtor has any interest in reorganization. In short, the court finds that this is precisely the type of case that the single asset real estate provisions were adopted to prevent.

Based on the foregoing, Wachovia's motion for relief from the automatic stay is ALLOWED.

**"END OF DOCUMENT"**